IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARTIG DRUG COMPANY INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. No. 14-719-JFB-SRF <br> ) |
| SENJU PHARMACEUTICAL CO., LTD., <br> KYORIN PHARMACEUTICAL CO., LTD., <br> AND ALLERGAN INC., | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) <br> ) |

ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Upon consideration of Plaintiff Hartig Drug Company Inc.'s Unopposed Motion for Preliminary Approval of Proposed Settlement (the "Motion") with Senju Pharmaceutical Co., Ltd. ("Senju"), Kyorin Pharmaceutical Co., Ltd. ("Kyorin"), and Allergan Inc. ("Allergan," and with Senju and Kyorin, "Defendants") and for certification of the Settlement Class (defined below), it is hereby **ORDERED** as follows:

1. The Motion is hereby **GRANTED**.

Unless otherwise set forth herein, defined terms in this Order shall have the same meaning ascribed to them in the settlement agreement between Plaintiff and Defendants (hereinafter, "the Settlement Agreement").

1

### Preliminary Approval of Settlement Agreement

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to a Fairness Hearing. The Court finds that the Settlement Agreement was entered into as a result of arm's-length negotiation by experienced counsel, with the assistance of an experienced mediator, and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class, pursuant to a plan Plaintiff will soon submit to the Court, subject to approval of the Court.

### Class Certification

3. Pursuant to Fed. R. Civ. P. 23, and to facilitate the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies for settlement purposes only the following class (the "Settlement Class"):

> All persons or entities in the United States who purchased branded Zymar or Zymaxid directly from any of the Defendants at any time during the Class Period (June 15, 2010 through and including December 31, 2017). The Settlement Class does not include Defendants, government entities or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate involved in this matter, as well as members of their immediate family.

4. The Court finds that certification of the Settlement Class is warranted because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiff's claims present common issues and are typical of the Settlement Class; (c) Plaintiff and Settlement Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiff's interests are aligned with the interests of all other members of the

Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

<u>Appointment of Settlement Class Counsel, Class Representatives,<br>Settlement Administrator, and Escrow Agent</u>

5.      The Court hereby appoints Hausfeld LLP, Frank LLP, and Prickett, Jones & Elliott, P.A. as Settlement Class Counsel, with Hausfeld LLP and Frank LLP as Co-Lead Counsel and Prickett, Jones & Elliott, P.A. as Settlement Liaison Counsel, having determined that the requirements of Fed. R. Civ. P. 23(g) are fully satisfied by this appointment.

6.      The Court hereby appoints Plaintiff Hartig Drug Company Inc. as class representative on behalf of the Settlement Class.

7.      The Court hereby appoints Garden City Group as the Settlement Administrator and Huntington National Bank as the Escrow Agent for the Settlement.

<u>Fairness Hearing</u>

8.      Following notice to members of the Settlement Class, the Court shall conduct a Fairness Hearing, the date for which will be set following approval of Plaintiff's plan for notice, to determine:

    a.    Whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval;

    b.    Whether final judgment should be entered dismissing the claims of the Settlement Class against Defendants with prejudice as required by the Settlement Agreement; and

    c.    Such other matters as the Court may deem appropriate.

## Other Provisions

9. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the settlement, be bound by the terms and provisions of the Settlement Agreement, whether or not such person or entity objected to the settlement and whether or not such person or entity makes a claim upon the Settlement Fund.

10. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiff, the members of the Settlement Class, and the Defendants.

11. Should the Settlement Agreement be terminated or rescinded, the Court's findings in this Order shall have no effect on the Court's ruling on any subsequent motion to certify any class in this action or on the Court's ruling(s) concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

12. The Court approves the establishment of the Settlement Funds pursuant to the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Settlement Class Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

13. The litigation against Releasees (as defined in the Settlement Agreement) is stayed except to the extent necessary to effectuate the settlement. All deadlines previously set by the Court (including those related to discovery and class certification) are hereby vacated.

14. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement, except as explicitly agreed otherwise by the parties in the Settlement Agreement.

15. **The parties shall notified the court sixty (60) days from the date of this order, as to when the fairness hearing should take place.**

**IT IS SO ORDERED this 27th day of February, 2018.**

Senior United States District Judge