IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARTIG DRUG COMPANY INC., <br><br> Plaintiff, <br><br> vs. <br><br> SENJU PHARMACEUTICAL CO. LTD., KYORIN PHARMACEUTICAL CO., LTD., AND ALLERGAN, INC., <br><br> Defendant. | C.A. No. 14-719-JFB-SRF |

**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Court preliminarily approved the Settlement between Plaintiff Hartig Drug Company Inc. ("Plaintiff" or "Hartig") and Senju Pharmaceutical Co., Ltd., Kyorin Pharmaceutical Co., Ltd., and Allergan Inc. (together, "Defendants") and certified the below Settlement Class:

> All persons or entities in the United States who purchased branded Zymar or Zymaxid directly from any of the Defendants at any time during the Class Period (June 15, 2010 through and including December 31, 2017). The Settlement Class does not include Defendants, government entities or any person or entity in which any Defendant holds a controlling interest, the officers, directors, employees, affiliates, subsidiaries, legal representatives, heirs, successors and assigns of any such person or entity, as well as any immediate family member of any officer, director or employees of any named Defendant that is not a natural person, and any judge or magistrate involved in this matter, as well as members of their immediate family.

(D.I. 56)

Further, the Court approved the form and manner by which Plaintiff was to provide notice of the Settlement, the deadline by which members of the Settlement Class were to object or exclude themselves from the Settlement, and the date of the Fairness Hearing, as well as other related matters. (D.I. 61 & 63)  The notice to the Settlement Class included sending mailed notice of the Settlement directly to individual Members of the Settlement Class who could be identified through reasonable effort, publication of a summary notice in appropriate publications, and the establishment of a dedicated case website.  Proof of this notice program was made by the filing of a Declaration from the notice and claims administrator, attesting under oath that notice to the Settlement Class was carried out in accordance with the Preliminary Approval and Notice Orders.  (D.I. 74)  The Court also preliminarily approved the Plan of Allocation as fair, reasonable and adequate, and otherwise meeting the standards for approval.  (D.I. 56)  The court now finds that the Settlement Class should be finally certified and the Settlement and Plan of Allocation should be finally approved.

NOW, on consideration of Plaintiff Hartig Drug Company Inc.'s Unopposed Motion for Final Approval of Proposed Settlement (the "Motion"),

IT IS HEREBY ORDERED:

1. The Motion for final approval is hereby GRANTED.

2. The Settlement with Senju Pharmaceutical Co., Ltd., Kyorin Pharmaceutical Co., Ltd., and Allergan Inc. (together, "Defendants") (D.I. 55-1) is hereby FINALLY APPROVED and is incorporated herein as if fully set forth.

3. Terms capitalized in this Order shall have the same meaning as those capitalized in the Settlement Agreement.

4. The Settlement was the result of the parties' good-faith negotiations.  The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations and was only achieved after the involvement of an experienced mediator, David A. Rotman.  The Settlement was not the result of collusion.

5. The Settlement falls well within the range of reasonableness. The Settlement does not unreasonably favor Plaintiff or any segment of the Settlement Class.

6. The notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715 were satisfied in this Action. (D.I. 73-1)

7. Because the Settlement meets the standards for final approval, and is fair, reasonable, and adequate, the Court grants final approval to the terms of the Settlement.

8. Members of the class had a full and fair opportunity to opt out of, object to, and participate in the final fairness hearing for the Settlement. (D.I. 74-1, Ex. A) There have been no objections to the Settlement, and no one has opted out of the terms of the Settlement. (D.I. 74) No one appeared at the hearing to object to the Settlement. Settlement Class Members shall be forever bound by the Settlement Agreement, including the release and discharge set forth in Paragraphs 30-31 of the Settlement, and this Order.

9. Any and all lawsuits pending against any of the Releasees asserting the Released Claims shall be dismissed, with prejudice and in their entirety, on the merits, and without costs, except as provided for in the Settlement Agreement.

10. The Releasors are permanently enjoined and barred from instituting or pursuing any Released Claims in the Settlement Agreement, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state or federal court, or in any tribunal, agency or other authority or forum wherever located.

11. The Releasors release, discharge and covenant not to sue each Releasee with respect to any Released Claims.

12. This Order and Final Judgment does not release or compromise any claims against any person or entity that fall outside of the Released Claims.

13. Neither the Settlement Agreement, nor any of the negotiations, discussions or proceeding relating to the Settlement Agreement shall be:

    a. offered or received against any Releasor or Releasee as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any Releasor or Releasee of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any proceeding or of any alleged liability, negligence, fault, or wrongdoing of any Releasor or Releasee; or

    b. offered or received against any Releasor or Releasee, as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission, with respect to any statement or written document approved or made by any Releasor or Releasee.

14. Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction over the Action and the Settlement, including the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

15. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of a Final Judgment of dismissal forthwith as to the Releasees.

IT IS SO ORDERED this 9th day of November, 2018.

                            BY THE COURT:

                            _____
                            Joseph F. Bataillon
                            Senior United States District Judge